8415

BENNETTSVILLE AND CHERAW R. R. CO. v. HICKSON LUMBER CO.

1. NEGLIGENCE—CONTRACTS.—The law imposes liability upon every person legally responsible for the proximate consequences of his negligence and the fact that one has contracted against liability on certain grounds does not relieve him of liability for his negligence resulting proximately in injury and damage to the other party to the contract in respect to matters for which he has not contracted for exemption from liability.

2. IBID.—MASTER AND SERVANT.—WHERE A CONTRACT between two transportation companies provides that one may use the tracks of the other for certain purposes, the one to furnish its own engine, the other to employ the engineer, whose duty it is to keep the engine in good repair, and damage occurs from fire set out by the engine by reason of defective grates, it matters not whose employee the engineer was, as it was not his duty to keep the grates in condition.

Before WATTS, J., Marlboro, August, 1911. Affirmed.

Action by Bennettsville and Cheraw Railroad Company against Hickson Lumber Company. Defendant appeals.

*Messrs. Willcox & Willcox* and *J. S. Mitchell,* for appellant. No citations.

*Messrs. Stevenson, Stevenson & Prince* and *Edward McIver,* contra. *Messrs. Stevenson, Stevenson & Prince* cite: *As to liability of plaintiff:* 66 Conn. 512.

January 13, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff made a contract with defendant whereby defendant was granted the right to run its logging trains over plaintiff's tracks between certain stations on plaintiff's road. The contract provided, among other things, that defendant should furnish its own locomotive engine and pay the salary of the engineer, who was to be employed by plaintiff, but, upon reasonable showing by defendant of incompetency or neglect of duty, plaintiff was to discharge him and employ another; that, while on plaintiff's tracks, the engineer and log train should be subject to plaintiff's control, but, at all other times, subject to defendant's control; that the engineer should keep the locomotive in first-class condition; that, while on plaintiff's tracks, plaintiff should be responsible for all collisions between trains and for wrecks caused by defective track or the negligence of its employees, and responsible to defendant for all injury and damage to its equipment from said causes, and defendant should be responsible for injuries to its own employees, except those caused by defective track or the negligence of plaintiff's employees.

By the negligence of defendant, in failing to equip its locomotive with suitable grates, fire was set out, while the engine was on plaintiff's track, and destroyed a freight car

and some crossties, to plaintiff's damage $471.29, for which plaintiff had judgment against defendant.

Defendant contends that, because the contract enumerates certain grounds of liability of the parties to each other, neither is liable to the other on any ground not mentioned in the contract. This contention is unsound. The law imposes liability upon every person, legally responsible, for the proximate consequences of his negligence, and the fact that one has contracted against liability on certain grounds does not relieve him from liability for his negligence, resulting proximately in injury and damage to the other party to the contract, in respect of matters for which he has not contracted for exemption from liability.

Defendant contends, further, that, as the fire was put out, while the log train was on plaintiff's track, and as, by the terms of the contract, the engineer was employed by plaintiff, and was subject to plaintiff's control, while on plaintiff's track, he was, at that time, plaintiff's employee, and, it being his duty to keep the engine in repair, defendant is not responsible for his failure to do so. This position is more specious than sound. The law imposed upon the defendant the duty, under the contract, to provide a suitable engine, that is, an engine with suitable equipment. It was no part of the engineer's duty to provide grates for the engine. That was defendant's duty, and it was the failure to discharge that duty that caused the injury. It is not material, therefore, whose servant the engineer was when the fire was set out.

Affirmed.