### 8708

### EVERETT v. BENNETTSVILLE & CHERAW R. R. CO.

COMMUNICATED FIRES—RAILROADS.—Where a railroad company under contract with a lumber company permits it to use the railroad tracks for hauling logs and they are sued jointly for setting out fires and the verdict is against both, upon the railroad company appealing from refusal to set aside the verdict as to it because there was no evidence to support the verdict as to that company, under the charge as to the liability of the two companies, the case is remanded to the Circuit Court to enable the defendants to have their rights as between themselves determined.

Before GAGE, J., Marlboro. Modified.

Action by Mary S. Everett against Bennettsville and Cheraw Railroad Co. and Hickson Lumber Co. Defendant railroad company appeals.

*Messrs. Stevenson, Stevenson & Prince,* for appellant, cite: *It is important for defendants to know which is liable:* 93 S. C. 384; 85 S. C. 452; 7 Ency. 365; 21 Am. R. 647; 4 Wall. 657; 30 Am. St. R. 685; 65 S. C. 344 337.

*Mr. J. K. Owens,* for defendant lumber company, cites: *New trial should be granted as to both defendants:* 73 S. C. 181.

December 30, 1913.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This was an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendants in setting out fire on her lands.

The complaint contained four causes of action: the first and third against the railroad company alone, for damages to her land caused by fire, under the statute; the second and fourth against both defendants, for damages arising from negligence, also for damages caused by setting out fires on her land, under the statute.

The complaint alleged that there were two fires—one on the 7th of April, 1910, on 306 acres of land, for which damages were claimed in the sum of $1,377.00, and the other on the 14th of April, 1910, on 330 acres, for which the plaintiff claimed $1,480.00 damages.

At the time of the fires, the Hickson Lumber Company was operating log trains over the track of the Bennettsville & Cheraw Railroad Company, under a contract which was construed, in the case of the *Bennettsville & Cheraw R. R. Co.* v. *Hickson Lumber Co.,* 93 S. C. 382, 76 S. E. 1087. The lumber company also had spur tracks diverging from the railroad company's tracks into the woods.

The question as to which of the defendants was liable for the fires, was made in the case; testimony was introduced for the purpose of enabling the jury to determine that issue,

and his Honor, the presiding Judge, charged upon the same.

The jury first returned the following verdict: "We find for the plaintiff, seven hundred and forty-two dollars actual damages, and no punitive damages against both defendants." The Court then sent them back to make a finding, as to which party set out the fires, whereupon they added to the verdict, the following words: "And we find that both the defendants set out the fires." The defendant railroad company made a motion to set aside that part of the verdict, which found that both parties set out the fires, on the ground that there was no testimony to sustain it, but the motion was refused, and the railroad company appealed.

It will be observed, that the motion for a new trial did not seek to set aside so much of the verdict, as found in favor of the plaintiff; nor are there any exceptions to the charge of the presiding Judge, raising a question as to the plaintiff's right to recover damages, against both defendants. Therefore, judgment as to her must stand affirmed.

Under the charge of his Honor, the Circuit Judge, the railroad company *alone,* would have been liable under the statute, if it set out the fires, or at common law, if it was guilty of negligence; or if the lumber company, while operating trains on the railroad company's track, in accordance with the terms of the contract, injured the plaintiff's land by fire, but without negligence.

The railroad company and the lumber company would be liable to the plaintiff *jointly,* if the lumber company, while operating under said contract, negligently injured the lands by fire; but the lumber company would be primarily liable.

The Hickson Lumber Co. *alone,* would be liable to the plaintiff, if, while on its own track, it negligently set out the fires.

The liability of the defendants, as between themselves, can not be determined from an inspection of the verdict. Justice, therefore, requires that, in order to prevent future complications arising from the plea of *res adjudicata,* the

case should be remanded to the Circuit Court, for the purpose of enabling the defendants to have their rights, as between themselves determined, but not so as to be prejudicial to the rights of the plaintiff.

Order modified.